UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| upon the relation and for the use of the | ) | |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-CV-519 |
| v. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| AN EASEMENT AND RIGHT-OF-WAY | ) | |
| OVER 3.73 ACRES OF LAND, MORE OR LESS, | ) | |
| AND ADDITIONAL RIGHTS WITH RESPECT | ) | |
| TO A PREEXISTING EASEMENT AND | ) | |
| RIGHT-OF-WAY OVER LAND IN | ) | |
| KNOX COUNTY, TENNESSEE, and | ) | |
| TIMOTHY J. NORTHCUTT, ET UX, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Strike Defendants' Answer with Respect to Defendants' Objections to the Taking [Doc. 15], in which the Plaintiff moves the Court to strike the portions[1] of the Defendants' Answer that object to the taking in this case. Plaintiff brought this condemnation action to take a permanent easement over the land at issue for purposes of erecting a power-transmission line. Defendants object to the taking on two grounds. First, they argue that the taking is meant only to satisfy the needs of the adjoining landowner, and second, they maintain that the selection of the location of the transmission line easement is "arbitrary" and "capricious."

---

[1] Plaintiff refers generally to the "portions of Defendants' Answer that object to the taking." Plaintiff has not identified specific paragraphs or lines to be stricken.

Plaintiff argues that federal courts have uniformly and repeatedly held that the two defenses presented by the Defendants are legally insufficient. [Doc. 16 at 3 (citing Ledford v. Corps of Eng'rs of the United States, 500 F.2d 26 (6th Cir. 1974))]. Plaintiff, therefore, moves the Court to strike these defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff maintains that this case should proceed to trial on one issue: the amount of just compensation due for the taking. [Id.]

The Court finds that the Defendants have failed to respond in opposition to the Motion to Strike [Doc. 15], within the time allowed under Local Rule 7.1 and the applicable Federal Rules of Civil Procedure, despite counsel for the Defendants having received notice of its filing on October 23, 2013, [see Doc. 15 at 2]. Pursuant to Local Rule 7.2, the Court may treat the Defendants' failure to respond as acquiescence to the relief sought.

Accordingly, the Court finds that the Motion to Strike Defendants' Answer with Respect to Defendants' Objections to the Taking **[Doc. 15]** is well-taken, and it is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge